# No. 23-40134

**In the United States Court of Appeals
for the Fifth Circuit**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*

v.

JULIO CESAR REYNA

*Defendant-Appellant*

———————

CRIMINAL NO. 4:21CR62
APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**BRIEF OF APPELLANT**

FILED PURSUANT TO <u>ANDERS V. CALIFORNIA</u>,
386 U.S. 738 (1967)

———————

DOUGLAS SCHOPMEYER
Assistant Federal Public Defender
Eastern District of Texas
600 E. Taylor Street, Suite 4000
Sherman, Texas   75092
(903) 892-4448
FAX: (903) 892-4808
Texas Bar No.17806780
*Attorney for Appellant*

# CERTIFICATE OF INTERESTED PERSONS

## United States v. JULIO CESAR REYNA
## No. 4:21CR62

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1.    JULIO CESAR REYNA, Defendant-Appellant;

2.    Tracey Batson, Assistant U.S. Attorneys, who represented appellee in the District Court;

3.    DOUGLAS SCHOPMEYER, Assistant Federal Public Defender, who represented appellant;

This certificate is presented so that the judges of this Court may evaluate possible disqualification or recusal.

/S/ DOUGLAS SCHOPMEYER
**DOUGLAS SCHOPMEYER**
*Attorney for Appellant*

## **<u>PREAMBLE</u>**

This brief is submitted in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>United States v. Flores</u>, 632 F.3d 229 (5th Cir. 2011).   Counsel has carefully examined the facts and matters contained in the record on appeal and has researched the law in connection therewith and has concluded that the appeal does not present a nonfrivolous legal question.   In reaching this conclusion, counsel has thoroughly read the record and has examined the record for any arguable violations of the Constitution, federal statutes, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Sentencing Guidelines.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for Appellant in the above-styled and numbered cause does not request oral argument as this brief is being filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).   Counsel has contemporaneously filed a motion to withdraw as counsel.   After careful study of the record and the applicable law, it is the good faith belief and professional opinion of counsel that this case presents no meritorious issues for appeal on which the Appellant could prevail.   Therefore, counsel does not request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

PREAMBLE ........................................................................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS.........................................................................................iv

TABLE OF AUTHORITIES ................................................................................vi

STATEMENT OF JURISDICTION.......................................................................1

STATEMENT OF ISSUES ....................................................................................2

STATEMENT OF THE CASE................................................................................3

       1.    Nature of the Case ................................................................................3

       2.    Course of Proceedings and Disposition in the Court Below................3

       3.    Statement of Facts ...............................................................................4

SUMMARY OF THE ARGUMENTS ....................................................................8

ARGUMENT AND AUTHORITIES.......................................................................9

    ISSUE ONE RESTATED: MR. REYNA'S PLEA MET THE
REQUIREMENTS OF FED. R. CRIM. P. 11, WAS VOLUNTARY, AND
WAS BASED ON AN ADEQUATE FACTUAL BASIS. THERE WAS NO
REVERSIBLE ERROR IN THE GUILTY PLEA PROCEEDING ...............9

ISSUE TWO RESTATED: THE DISTRICT COURT PROPERLY FOLLOWED FED. R. CRIM. P. 32 DURING THE SENTENCING PROCEEDINGS.   COUNSEL CAN DISCERN NO REVERSIBLE ERROR IN THE SENTENCING PROCEDURES......................................13

CONCLUSION ......................................................................................20

CERTIFICATE OF SERVICE .............................................................21

CERTIFICATE OF COMPLIANCE.......................................................22

# TABLE OF AUTHORITIES

## FEDERAL CASES

Anders v. California, 386 U.S. 738 (1967).........................................................ii,iii,9

Gall v. United States, 522 U.S. 37, 51 (2007) ...........................................................14

Gall v. United States, 128 S. Ct. 586, 597 (2007) ....................................................19

United States v. Adams, 961 F. 2d 505, 509 (5th Cir. 1992) .....................................9

United States v. Booker, 543 U.S. 220 (2005) ...............................................14,18,19

United States v. Broussard, 669 F.3d 537, 546 (5th Cir. 2012)................................12

United States v. Dominguez-Benitez, 542 U.S. 74, 79-83 (2004) .....................10,12

United States v. Flores, 632 F.3d 229 (5th Cir. 2011)................................................ ii

United States v. Myers, 150 F.3d 459, 465 (5th Cir. 1998).......................................13

United States v. Pelayo-Bautista, 907 F.2d 99, 101-02 (9th Cir. 1990) ...................18

United States v. Ronquillo, 508 F. 3d 744, 748 (5th Cir. 2007)...............................14

United States v. Scott, 987 F. 2d 261, 264 (5th Cir. 1993)........................................9

United States v. Smith, 1 F.3d 296, 298 (5th Cir. 1993) ......................................9,12

United States v. Trujillo, 502 F.3d 353, 356 (5th Cir. 2007)....................................13

United States v. Vonn, 535 U.S. 55, 59 & 62-74 (2002).........................................10

# FEDERAL STATUTES

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3553(a) ...........................................................................11,18

18 U.S.C. § 3553(c) ..............................................................................18

18 U.S.C. § 3553(c)(1) ..........................................................................18

18 U.S.C. § 3553(c)(2) ..........................................................................18

18 U.S.C. § 3742 ....................................................................................1

18 U.S.C. § 922(g)(1) .............................................................................3

Federal Rule of Appellate Procedure 4(b) ............................................1

Fed. R. App. P. Rule 25 ........................................................................21

Fed. R. App. P. 32(a)(5) .......................................................................22

Fed. R. App. P. 32(a)(6) .......................................................................22

Fed. R. App. P. 32(a)(7)(B) ..................................................................22

Fed. R. App. P. 32(a)(7)(B)(iii) ............................................................22

Fed. R. Crim. P. 11............................................................. iv,2,9,10,13

Fed. R. Crim. P. 11(b)(1)(A)...........................................................10,12

Fed. R. Crim. P. 11(b)(1)(B)..................................................................10

Fed. R. Crim. P. 11(b)(1)(C)..................................................................10

Fed. R. Crim. P. 11(b)(1)(D) .................................................................. 10

Fed. R. Crim. P. 11(b)(1)(E) .................................................................. 10

Fed. R. Crim. P. 11(b)(1)(F) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(G) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(H) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(I) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(J) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(K) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(L) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(M) .................................................................. 11

Fed. R. Crim. P. 11(b)(1)(N) .................................................................. 11

Fed. R. Crim. P. 11(b)(2) .................................................................. 11

Fed. R. Crim. P. 11(b)(3) .................................................................. 9,11

Fed. R. Crim. P. 11(c)(1)(B) .................................................................. 12

Fed. R. Crim. P. 11(c)(2) .................................................................. 12

Fed. R. Crim. P. 11(c)(3)(b) .................................................................. 12

Fed. R. Crim. P. 32 .................................................................. v,8,9,13,18,19

Fed. R. Crim. P. 32(h) .................................................................. 17

Fed. R. Crim. P. 32(i)(1)(B) .................................................................. 17

Fed. R. Crim. P. 32(i)(1)(C)............................................................17

Fed. R. Crim. P. 32(i)(3)(B)............................................................17

Fed. R. Crim. P. 32(i)(4)(A)(i).........................................................17

Fed. R. Crim. P. 32(i)(4)(A)(ii)........................................................17

Fed. R. Crim. P. 32(j)(1)(A)-(C).......................................................17

Fed. R. Crim. P. 32(k)(1) ...............................................................17

Fed. R. Crim. P. 52(b) .....................................................................9

U.S.S.G. § 2K2.1(a)(6)(A)...........................................................5,15

U.S.S.G. § 2K2.1(b)(4)(A)........................................................5,6,16

U.S.S.G. § 3E1.1 ..........................................................................5,6

U.S.S.G. § 5E1.2(c)(3)...................................................................15

## STATEMENT OF JURISDICTION

1.    **Subject Matter Jurisdiction in the District Court.**  This case arose

from the prosecution of alleged offenses against the laws of the United States.   The

district court therefore had jurisdiction of this case under 18 U.S.C. § 3231.

2.    **Jurisdiction in the Court of Appeals.**  This is a direct appeal from a

final decision of the United States District Court for the Eastern District of Texas,

entering judgment of conviction and sentence in a criminal case.   This Court

therefore has jurisdiction of this appeal under 18 U.S.C. § 3742 and 28 U.S.C. §

1291.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant shall

file notice of appeal in the district court "within 14 days after the later of: (i) the entry

of either the judgment or the order being appealed; or (ii) the filing of the

government's notice of appeal." Fed. R. App. P. 4(b).   In this case, Appellant timely

filed a notice of appeal on February 28, 2023.

## STATEMENT OF ISSUES

**ISSUE #1**

MR. REYNA'S PLEA MET THE REQUIREMENTS OF FED. R. CRIM. P. 11, WAS VOLUNTARY, AND WAS BASED ON AN ADEQUATE FACTUAL BASIS.

**ISSUE #2**

THE DISTRICT COURT DID NOT COMMIT REVERSIBLE ERROR IN SENTENCING MR. REYNA.

# STATEMENT OF THE CASE

**1.    Nature of the Case.**

This is an appeal from a final criminal conviction.

**2.    Course of Proceedings and Disposition in the Court Below**.

On March 10, 2021, a the Federal Grand Jury for the Eastern District of Texas returned a one-count Indictment against Mr. Julio Cesar Reyna charging him with Felon in Possession of Firearm, in violation of Title 18 U.S.C. § 922(g)(1). ROA.7-9. The Office of the Federal Public Defender was appointed to represent Mr. Reyna on November 30, 2021. ROA.12.   On May 16, 2022, Mr. Reyna pled guilty to Count 1 of the Indictment without a written plea agreement. ROA.45,71-88.   On February 15, 2023, the district court sentenced Mr. Reyna to 120 months imprisonment on Count 1, to be followed by 3 years of supervised release. ROA.57-58,89-106.   A mandatory special assessment of $100.00 was imposed. ROA.57,103-104.   Notice of Appeal was timely filed. ROA.67-68.

### 3.    Statement of Facts.

On or about December 27, 2020, Mr. Reyna while knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm, to wit, a Ruger, Model LCP, .380 caliber pistol, serial number: 371361691: RG426US, which had been shipped and transported in interstate or foreign commerce.   ROA.7.

On December 27, 2020, officers with the Plano, Texas, Police Department conducted a traffic stop, during which they observed a baggie of suspected marijuana sitting in the center console between the driver, and the front passenger, Mr. Reyna. The driver of the vehicle, Victor Sanchez consented to a search of his person.   As officers were speaking with the driver, Mr. Reyna moved from the passenger seat into the driver seat, prompting officers to grab hold of Mr. Reyna and pull him from the vehicle.   Mr. Reyna was placed in handcuffs. ROA.109. Officer continued their investigation, noting the vehicle was registered to Mr. Reyna and a probable cause search of the vehicle yielded the previously observed baggie of suspected marijuana, a digital scale, several empty beer cans, closed beer cans, a Ruger semi-automatic, .380 caliber pistol, model LCP, serial number 371361691, and a magazine, containing eight rounds of .380 caliber ammunition, compatible with the pistol. ROA.109.   A record check revealed the firearm had been reported stolen in Plano, Texas, in 2018. ROA.109.

Mr. Reyna was arrested for Unlawful Possession of a Firearm by Felon; Unlawful Carrying Weapon; Theft of Firearm; and Resist Arrest, Search, or Transport.   Mr. Reyna was also noted to have an outstanding warrant for Assault Causing Bodily Injury. ROA.109.

The charges stem from the following factual context: On December 27, 2020, Officer Longerello with the Plano Police Department stopped a vehicle for a traffic violation in the Eastern District of Texas. ROA.47.   A probable cause search of the vehicle was conducted.   Officers recovered a Ruger, Model LCP, .380 caliber pistol, serial number 371361691 near the passenger seat where Mr. Reyna had been sitting. ROA.47.   Through further investigation, it was determined that Mr. Reyna was a previously convicted felon. ROA.47.

On May 16, 2022 Mr. Reyna pleaded guilty to count one of the indictment without a plea agreement.   ROA.45,71-88. The Presentence Report (PSR) assigned Mr. Reyna a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A). ROA.110. The PSR recommended a 2 level increase pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the firearm was stolen. ROA.110. The PSR recommended a 3 level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.(a) and (b). ROA.111.   Based upon a total offense level of 13 and a criminal history category V, the guideline range of imprisonment was 30-37 months. ROA.127.

On December 14, 2022, a revised Presentence Report was filed, assigning a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A). ROA.133.   The

revised PSR also recommended a 2 level increase pursuant to U.S.S.G. § 2K2.1(b)(4)(A). ROA.133.   The revised PSR recommended a 3 level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). ROA133-134.   The revised total offense level is 13 with a criminal history of V with a guideline range of imprisonment of 30-37 months. ROA.151.

At sentencing, Mr. Reyna allocuted to the court.   ROA.96-100.   The court responded to Mr. Reyna's allocution.

> **THE COURT:**   Okay. So, Mr. Reyna, listening to your allocution just confirms the court's reasoning for why a variance up is necessary.   You have not accepted responsibility.   You try to minimize all of this activity.
>
> And the way the court looks at it is – and the reason I raised the issue the first time to give you and counsel an opportunity to respond – is you're somebody with this long, long criminal history.   A lot of it's not scored because of age, and I understand that the guidelines take into consideration what's scored.   It doesn't take total history.   And I'm not going to go through all – every little one because the government laid it out in great detail, every criminal thing that – offense you have done that isn't all scored.
>
> And clearly the issue with the police, in terms of choking the police and getting shot, you are contesting now what factually happened there; but I can only accept what is in the record and what's before the Court.
>
> So the way the Court looks at it is your criminal history is greatly underreported in the sense of what you should be held responsible for.

But, again, even above that, the Court has an obligation to protect society. You just don't get it. Whether you flee from police or you attack the police or you're hitting women, you know, I have an obligation, in looking at the factors, of protecting society, also deterring someone.

I mean, here is someone standing before me who keeps committing crime after crime and carrying a gun when you're not supposed to carry a gun. Well, nothing it seems that has been happening so far has deterred you from doing; so that factors in this. And you have a complete lack of respect for the law.

And so for all those reason, I am going to grant a variance up. ROA.100-102.

The district court sentenced Mr. Reyna to 120 months imprisonment based upon a total offense level of 13, criminal history category V. ROA.57, 60,102. The District Court also sentenced Mr. Reyna to serve a 3 year term of supervised release. ROA.57,61,104. Mr. Reyna was ordered to pay a special assessment of $100.00. ROA.57,64,103-104.

## SUMMARY OF THE ARGUMENTS

The magistrate judge explicitly found that Mr. Reyna was competent to enter an informed plea, that he had entered a knowing and voluntary plea, with knowledge of the nature of the charges and the consequences of his plea, and that the plea was supported by an adequate factual basis.   There is no nonfrivolous issue on appeal with regard to Mr. Reyna's conviction.   When Mr. Reyna entered his plea of guilty to the indictment, the court complied with Federal Rule of Criminal Procedure 11, except as set out below. The court advised Mr. Reyna of the nature of the charges and the consequences of his guilty plea, including the range of punishment and the waiver of pertinent constitutional rights.   Because there was no reversible Rule 11 error in the taking of Mr. Reyna's plea, and because that plea was found to be knowingly, understandingly, and voluntarily made, no basis for the reversal of Mr. Reyna's conviction appears in the record.

The district court complied with the requirements of Fed. R. Crim. P. 32 in sentencing Mr. Reyna. Mr. Reyna entered into an open plea to the indictment and the District Court varied upward from the guideline range. The district court complied with the requirements of Fed. R. Crim. P. 32 and other applicable procedural requirements when sentencing Mr. Reyna.

There is no error in the calculation of the Sentencing Guidelines. The sentence is within the applicable statutory parameters.   Further, the district court complied

with the requirements of Fed. R. Crim. P. 32 and other applicable procedural requirements when sentencing Mr. Reyna.

There is no nonfrivolous argument regarding Mr. Reyna's conviction or sentence. Accordingly, counsel moves to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967).

## ARGUMENTS AND AUTHORITIES

### ISSUE #1

I.    MR. REYNA'S PLEA MET THE REQUIREMENTS OF FED. R. CRIM. P. 11, WAS VOLUNTARY, AND WAS BASED ON AN ADEQUATE FACTUAL BASIS.

II.   STANDARD OF REVIEW AND REVIEWABILITY

Whether the requirements of Fed. R. Crim. P. 11 were satisfied is a conclusion of law and is therefore reviewable *de novo*. *See* United States v. Scott, 987 F.2d 261, 264 (5th Cir. 1993). A district court's finding that there is an adequate factual basis for a plea of guilty, as required by Fed. R. Crim. P. 11(b)(3), is reviewed under the clearly erroneous standard. *See* United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992).

Before this Court will vacate a guilty plea, the Court must find both (1) that the district court varied from the procedures required by Fed. R. Crim. P. 11; and (2) if so, that the variance affected the substantial rights of the defendant. *See, e.g.*, United States v. Smith, 1 F.3d 296, 298 (5th Cir. 1993) (*en banc*). Finally, where a

claim of non-compliance with the requirements of Fed. R. Crim. P. 11 is raised for the first time on appeal, it is subject only to review for plain error under Fed. R. Crim. P. 52(b).  *See* United States v. Dominguez-Benitez, 542 U.S. 74, 79-83 (2004); United States v. Vonn, 535 U.S. 55, 59 & 62-74 (2002).

III.  There Was No Reversible Error in Mr. Reyna's Rearraignment/Guilty Plea Colloquy.

The Magistrate Judge's compliance with the requirements of Fed. R. Crim. P. 11 is set forth in the immediately following table:

| REQUIRED ADMONITION OR DETERMINATION | WHERE IN RULE? | WHERE IN RECORD? |
| --- | --- | --- |
| That statements made under oath in plea proceeding may be used by the government in a prosecution for perjury or false statement | Fed. R. Crim. P. 11(b)(1)(A) | Not admonished |
| That defendant may plead not guilty, or may persist in his previous plea of not guilty | Fed. R. Crim. P. 11(b)(1)(B) | ROA.78 |
| That defendant has the right to a jury trial | Fed. R. Crim. P. 11(b)(1)(C) | ROA.78 |
| That defendant has the right to be represented by counsel, and if necessary, to have the court appoint counsel, at trial and every other stage of the proceeding | Fed. R. Crim. P. 11(b)(1)(D) | ROA.65 |
| That defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify | Fed. R. Crim. P. 11(b)(1)(E) | ROA.78 |

| | | |
|---|---|---|
| and present evidence, and to compel the attendance of witnesses | | |
| That defendant waives these trial rights if the court accepts his guilty plea | Fed. R. Crim. P. 11(b)(1)(F) | ROA.78 |
| Nature of the charge(s) to which defendant is pleading | Fed. R. Crim. P. 11(b)(1)(G) | ROA.76 |
| Maximum possible penalty, including imprisonment, fine, and term of supervised release | Fed. R. Crim. P. 11(b)(1)(H) | ROA.79 |
| Any mandatory minimum penalty | Fed. R. Crim. P. 11(b)(1)(I) | ROA.79 |
| Any applicable forfeiture | Fed. R. Crim. P. 11(b)(1)(J) | ROA.79 |
| The court's authority to order restitution | Fed. R. Crim. P. 11(b)(1)(K) | ROA.79 |
| The court's duty to impose a special assessment | Fed. R. Crim. P. 11(b)(1)(L) | ROA.79 |
| The court's obligation to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a) | Fed. R. Crim. P. 11(b)(1)(M) | ROA.80 |
| The terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence | Fed. R. Crim. P. 11(b)(1)(N) | N/A |
| The defendant's plea is voluntary and did not result from force, threats, or promises (other than those in a plea agreement) | Fed. R. Crim. P. 11(b)(2) | ROA.81 |
| That there is a factual basis for the plea | Fed. R. Crim. P. 11(b)(3) | ROA.82-83 |
| Disclosure of the plea agreement in open court | Fed. R. Crim. P. 11(c)(2) | N/A |

| That if the plea is one where the government agrees to make a non-binding recommendation (Fed. R. Crim. P. 11(c)(1)(B)), the defendant has no right to withdraw the plea if the court does not follow the recommendation | Fed. R. Crim. P. 11(c)(3)(B) | N/A |
|---|---|---|

As shown above, the Magistrate Judge followed the requirements of Fed. R Crim. P. 11 with the exceptions of Fed. R. Crim. P. 11(b)(1)(A).   The Magistrate Judge erred in failing to fully advise Mr. Reyna of the fact that his statements were under oath and any false statements could be used by the government in a prosecution for perjury or giving false statements as required by Fed. R. Crim. P. 11(b)(1)(A).   However, under this Court's precedence, since these issues were not raised in the district court, review would only be for plain error. United States v. Broussard, 669 F.3d 537, 546 (5th Cir. 2012).   Also, Mr. Reyna would have to show that these Rule 11 failures affected his substantial rights. United States v. Smith, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).   However, there is no evidence that, but for these errors, Mr. Reyna would not have entered his guilty plea. United States v. Dominguez-Benitez, 542 US 74, 83 (2004).   Furthermore, the Consent to Administration of Guilty Plea which Mr. Reyna signed and admitted to having reviewed informed him that his testimony must be truthful and under the penalty of perjury, informed him of the government's right to seek forfeiture, and informed him of the possibility of restitution being ordered. ROA.46.

The Magistrate Court, at the end of the hearing, explicitly found Mr. Reyna was competent to enter an informed plea and that he had entered a knowing and voluntary plea, with knowledge of the nature of the charges and the consequences of his plea, and that the plea was supported by an independent basis in fact. ROA.86. The Magistrate Court memorialized these findings in her report and recommendations. ROA.50-53.   The District Court then adopted these findings. ROA.54.   The record here, therefore, establishes that the Magistrate Judge complied with Fed. R. Crim. P. 11, save and except for the possible three instances set out above.   However, any failure to comply with Fed. R. Crim. P. 11 cannot be shown to have affected Mr. Reyna's substantial rights under current precedence.   There is, therefore, no nonfrivolous issue for appeal.

## **ISSUE#2**

I.    THE DISTRICT COURT PROPERLY FOLLOWED FED. R. CRIM. P. 32 DURING THE SENTENCING PROCEEDINGS.

II.    STANDARD OF REVIEW AND REVIEWABILITY

A district court's compliance with the sentencing procedures of Fed. R. Crim. P. 32 is reviewed *de novo*.   *See e.g.*, United States v. Myers, 150 F.3d 459, 465 (5th Cir. 1998).   This Court "review[s] the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error." United States v. Trujillo, 502 F.3d 353, 356 (5th Cir. 2007).   If a defendant fails to

object in the district court, this Court reviews the sentence only for plain error.  *See* United States v. Ronquillo, 508 F.3d 744, 748 (5th Cir. 2007).

After United States v. Booker, 543 U.S. 220 (2005), federal courts review sentences for reasonableness.  *See* Booker, 543 U.S. at 261-62.  Under the reasonableness review, "regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."  Gall v. United States, 522 U.S. 38, 51 (2007).

III.    THERE ARE NO REVERSIBLE ERRORS WITH RESPECT TO MR. REYNA'S SENTENCE.

A.    There is No Nonfrivolous Issue Arising from the District Court's Sentencing Guideline Calculations.

As shown in the table below, the district court correctly calculated Mr. Reyna's total offense level under the Sentencing Guidelines.

| Calculation | Levels | USSG § | Description | PSR ¶ |
|---|---|---|---|---|
| Base Offense Level | 14 | 2K2.1(a)(6)(A) | Guideline violation | ¶12 ROA.133 |
| Specific Offense Characteristic | +2 | 2K2.1(b)(4)(A) | Firearm had been reported stolen | ¶13 ROA.133 |
| Offense Level Subtotal | 16 | | | ¶17 ROA.133 |
| Adjustment to Offense Level | -3 | 3E1.1(a)&(b) | Acceptance of Responsibility | ¶19-20 ROA.134-134 |
| **Total Offense Level** | **13** | | | **¶21**. ROA.134 |

Under the plain-error standard of review, there is no nonfrivolous issue with regard to the PSR's calculation of the total offense level.    The base offense level for Count 1 is determined by U.S.S.G. § 2K2.1(a)(6)(A) which provides for an offense level of 14. ROA.134.    The PSR did recommend a 2 level increase pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen.ROA.133.    The PSR also recommended a 3 level reduction for acceptance of responsibility. ROA.133-134.

In light of the foregoing considerations, there is no nonfrivolous issue that the district court committed by finding Mr. Reyna's total offense level to be 13 and sentencing him to 120 months imprisonment.

There is likewise no nonfrivolous issue with respect to the PSR's calculation of Mr. Reyna's criminal history score which was ten and a criminal history category of V as shown in the table below:

| Date of Sentence | Offense & Sentence | USSG § | Points | PSR ¶ |
|---|---|---|---|---|
| 009/28/2009 | Assault on Public Servant; 8 years confinement: 1/2/2015; Sentence discharged | 4A1.1(a) | 3 | ¶ 34 |
| 09/27/2019 | Assault Impeding Breath/Circulation; 2 years confinement: 07/13/2012; Discharged before paroled | 4A1.1(a) | 3 | ¶35 |

| 01/22/2018 | Poss of Marijuana; 2 days confinement | 4A1.1(c) | 1 | ¶37 |
|---|---|---|---|---|
| 11/19/2019 | Assault Causes Bodily Injury Family Member; 18 months probation | 4A1.1(c) | 1 | ¶39 |
| | Defendant committed instant offense while under criminal probation | 4A1.1(d) | 2 | ¶41 |
| Criminal History Total | | | 10 | ¶ 42 |

PSR correctly noted that Mr. Reyna's criminal history score total was 10 points, which results in a criminal history category V. ROA.140.   In conjunction with Mr. Reyna's offense level of 13, the corresponding imprisonment range was 30-37 months. ROA.151.   The PSR also correctly stated that the minimum term of imprisonment on Count 1 is zero years and the maximum term is 10 years. ROA.151.

The PSR correctly determined that: (1) the statutory maximum term of imprisonment on Count 1 was 10 years, (2) the Guideline term of supervised release on Count 1 was 3 years, and (3) the statutory term of supervised release was zero to 3 years. ROA.148. The PSR noted the maximum fine for Count 1 is $250,000 pursuant to 18 U.S.C. § 3571 and the fine range was $5,500 to 55,000 pursuant to U.S.S.G. § 5E1.2(c)(3). ROA.148.

B.     There Is No Nonfrivolous Procedural Issue Arising from the Imposition of Mr. Reyna's Sentence.

The district court also complied with the relevant procedural requirements of sentencing, as set forth in the following table:

| Requirement | Source of Requirement | Where in Record? |
|---|---|---|
| Notice of possibility of departure on ground not identified in PSR or by parties | Fed. R. Crim. P. 32(h) | N/A |
| Verify that the defendant and the defendant's attorney have read and discussed the PSR and any addendum | Fed. R. Crim. P. 32(i)(1)(A) | ROA.90-91 |
| Give the defendant a written summary of – or summarize in camera – any information excluded from the PSR on which court will rely at sentencing and give defendant a reasonable opportunity to comment | Fed. R. Crim. P. 32(i)(1)(B) | N/A |
| Allow defendant's attorney to comment on probation officer's determinations and other matters relating to an appropriate sentence | Fed. R. Crim. P. 32(i)(1)(C) | ROA.92-95 |
| For any disputed portion of the PSR or other controverted matter, rule on the dispute or determine that a ruling is not necessary | Fed. R. Crim. P. 32(i)(3)(B) | ROA.91 |
| Allow defendant's attorney to speak on defendant's behalf | Fed. R. Crim. P. 32(i)(4)(A)(i) | ROA.92-95 |
| Address defendant personally in order to allow him to speak on his own behalf (allocution) | Fed. R. Crim. P. 32(i)(4)(A)(ii) | ROA.96-100 |
| Advise defendant of his right to appeal his conviction and sentence, and to do so in forma pauperis if necessary | Fed. R. Crim. P. 32(j)(1)(A)-(C) | ROA.104-105 |
| Judgment correctly sets forth the plea or verdict, adjudication of guilt, and sentence | Fed. R. Crim. P. 32(k)(1) | ROA.59-66 |

| State in open court the reasons for the imposition of the particular sentence | 18 U.S.C. § 3553(c) | ROA.100-101 |
|---|---|---|
| If the applicable Guidelines range exceeds 24 months, state the reason for imposing a sentence at a particular point within the range | 18 U.S.C. § 3553(c)(1) | N/A |
| If a departure sentence is imposed, state the specific reason for such departure | 18 U.S.C. § 3553(c)(2) | N/A |

C.    There Is No Nonfrivolous Challenge to the Reasonableness of MR. REYNA' Sentence.

The sentencing hearing was held on February 15, 2023. ROA.57-58.   The district court followed the requirements of Fed. R. Crim. P. 32.   The district court imposed a sentence of 120 months. ROA.57,60,89-106.

Given the discretion the district court is permitted in making its findings and sentencing a defendant, the district court's sentence does not present a meritorious issue for this Court to review. *See* United States v. Pelayo-Bautista, 907 F.2d 99, 101-02 (9th Cir. 1990) (Court declined to displace the discretion of the sentencing judge where a sentence is lawfully imposed, comports with the applicable sentencing guidelines, and is not plainly unreasonable).

The district court indicated that it was aware of its discretion in sentencing and that it had considered the guidelines as well as the provisions of 18 U.S.C. § 3553(a). ROA.102.   The district court sentenced Mr. Reyna, after considering the PSR, in accordance with the factors set forth in 18 U.S.C. § 3553(a).   The sentencing, then, comports with United States v. Booker, 543 U.S. 220 (2005).   In

reviewing sentences after <u>Booker</u>, a reviewing court must "first ensure that the district court committed no significant procedural error." <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). The Court then considers "the substantive reasonableness of the sentence imposed." *Id*. The question in the end is whether the district court abused its discretion in sentencing the defendant. *Id*.

The record establishes that the district court complied with Fed. R. Crim. P. 32 and there is no nonfrivolous issue on appeal.

## CONCLUSION

After examining the facts of the case in light of the applicable law, it is the opinion of counsel on appeal that there is no basis for presenting any legally nonfrivolous issue. There are no meritorious claims for appeal.

/S/ Douglas Schopmeyer
**DOUGLAS SCHOPMEYER**
Assistant Federal Public Defender
Eastern District of Texas
600 E. Taylor Street, Suite 4000
Sherman, Texas   75090
(903) 892-4448
FAX: (903) 892-4808
Texas Bar Card No. 15334950
*Attorney for Appellant*

# CERTIFICATE OF SERVICE

I certify that on the 7th day of June 2023, I served the foregoing Brief of Appellant, on the following individual by electronic mail, or by other recognized means pursuant to Fed. R. App. P. Rule 25:

> Ms. Tracey Batson
> Office of the United States Attorney
> Plano, Texas

Further, I certify that on the above date, I served one (1) copy of the foregoing Brief of Appellant on the following individual by depositing same, enclosed in postpaid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means:

> Mr. Julio Cesar Reyna
> SO# 127858
> Collin County Jail
> 4300 Community Blvd.
> McKinney, TX   75070

Further, Counsel has communicated with defendant in a manner and language understood by the defendant: (i) that counsel fully examined the record and reviewed relevant law, and there are no meritorious issues for appeal; (ii) that counsel has moved to withdraw, (iii) if granted, the motion will result in the dismissal of the appeal; but (iv) the defendant has the right to file a response opposing the motion within 30 days, in English.

/s/Douglas Schopmeyer
**DOUGLAS SCHOPMEYER**

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5125 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.  This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

/s/ Douglas Schopmeyer
**DOUGLAS SCHOPMEYER**